[Civ. No. 1934.   Second Appellate District.—December 31, 1915.]

BAKERSFIELD & KERN ELECTRIC RAILWAY COMPANY (a Corporation), Petitioner, v. GEORGE W. HAY et al., Respondents.

REFERENDUM PETITION — NUMBER OF SIGNATURES — CONSTRUCTION OF CHARTER OF BAKERSFIELD.—Under the charter of the city of Bakersfield approved by the legislature of 1915 (Stats. 1915, p. 1552), the words "general election" contained in section 32 of such charter, relating to referendum elections, and therein requiring that a petition protesting against the passage of an ordinance must be "signed by electors of the city, equal in number to twenty-five per centum or more, of the entire vote cast at the last general election," when read with other sections of such charter relating to such

29 Cal. App.—19

elections, have reference to the last general municipal election, and not to the last general state election.

ID.—SUFFICIENCY OF PETITION—LAST MUNICIPAL ELECTION PRIOR TO CHARTER—WHEN CONTROLLING.—The sufficiency of the signatures to such a petition is to be tested by the last general municipal election held in the city prior to the adoption of the charter, if it be conceded that the election held after such adoption was not a general municipal election, by reason of the fact that councilmen were not elected in all of the wards of the city.

ID.—DIRECT LEGISLATION BY CITIES AND TOWNS—ACT INAPPLICABLE TO CITY OF BAKERSFIELD.—The act to provide for direct legislation by cities and towns, including initiative and referendum (Stats. Ex. Sess. 1911, p. 131), and which requires such petitions to be signed by qualified electors of the city or town "equal to ten per cent of the entire vote cast therein for all candidates for Governor of the state at the last preceding general election at which a Governor was voted for," has no application to the city of Bakersfield, even if it be conceded that the referendum provisions of the charter of such city are modeled upon the terms of such statute.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District to restrain the holding of a referendum election.

The facts are stated in the opinion of the court.

Short & Sutherland, and Borton & Theile, for Petitioner.

E. F. Brittan, and Walter Osborn, for Respondents.

THE COURT.—Prohibition. On the twentieth day of September, 1915, the city council of the city of Bakersfield adopted an ordinance relating to the regulation and control of the operation of automobile buses within that city. Within thirty days thereafter there was filed with the city clerk an instrument protesting against the passage of the ordinance. This protest was signed by 880 electors of the city. The council having declared this protest sufficient to require a referendum vote upon said ordinance, have ordered an election and referendum thereon to be held on the eleventh day of January, 1916. The petitioner claims that the protest is insufficient to authorize such election or to cause a suspension of the ordinance, and in support of this claim alleges that the protest does not contain the names of a sufficient number of electors. The respondents have filed a general demurrer to

the petition herein, and it has been stipulated that the case
may be disposed of in accordance with our decision upon that
demurrer.

The present charter of the city of Bakersfield was adopted
by the electors of that city at an election held on the seventh
day of November, 1914, and, after its approval by the legis-
lature, was filed with the Secretary of State on January 23,
1915.   (Stats. 1915, p. 1552.)   Section 32 of the charter pro-
vides for referendum elections, and it is there required that
a petition protesting against the passage of an ordinance
must be ''signed by electors of the city, equal in number to
twenty-five per centum or more, of the entire vote cast at the
last general election.''   It is further provided that ''the
council shall submit the ordinance to the electors of the city
either at the next general municipal election, or at a special
election, and such ordinance shall not go into effect unless a
majority of the electors voting on the same shall vote in favor
thereof.   The provisions of article VII respecting the forms
and conditions of the petition and the mode of verification
and certification and filing, and the ballot to be used, shall
be substantially followed, with such modifications as the
nature of the case may require.''   The petitioner contends
that the general election referred to in section 32 is the last
general state election, and not the last general municipal elec-
tion.   It is conceded that if the required number is to be
tested by the vote cast at the last general municipal election,
the number of signatures upon the protest was sufficient; and
it is shown by appropriate allegation in the petition that the
entire vote cast within the city of Bakersfield on the third
day of November, 1914, at the general election held on said
date, at which a Governor was elected, was 6,046.

Section 67 of the charter is in article VII relating to elec-
tions, and provides that within ten days after the charter
shall have been ratified by the legislature and the necessary
certified copies thereof have been filed and recorded, ''the
governing body of the city of Bakersfield shall call a nominat-
ing election and a general election, under the provisions of
this charter, to elect officers as herein provided.''   The officers
thus elected are to hold office until their successors are elected
and qualified; and it is provided that ''a general election shall
be held on the second Tuesday of April of the year 1917, and
each odd-numbered year thereafter,'' etc.

Reading together the several sections of the charter which have relation to the question at issue, we are satisfied that the words "general election," as contained in section 32, are there used in the same sense in which the same words are used in section 67, and that they refer to the last general municipal election.

The petition herein directs the court's attention to the fact that at the nominating election held on April 6, 1915, in the city of Bakersfield, councilmen were elected in three of the seven wards of the city; that (except members of the board of education, as to which the district includes territory outside the city limits), no other officers than councilmen were required to be elected under the provisions of the charter; and that at the so-called general election held on May 7, 1915, no election was held in the said three wards. For this reason petitioner contends that there was no general election. Even if this were conceded, it would not aid the case of petitioner. If no general municipal election was held by the city of Bakersfield since the adoption of this charter, the test would relate back to the last general municipal election preceding the adoption of the charter. Petitioner does not deny that under such test the protest to which this petition refers would be found sufficient.

There is a general law entitled "An act to provide for direct legislation by cities and towns, including initiative and referendum." (Stats. Ex. Sess. 1911, p. 131.) Conceding that that act does not apply to the city of Bakersfield, counsel for petitioner argue that the referendum provisions of the city charter are modeled upon the terms of that statute; and that, notwithstanding some differences between the charter provision and the provisions of the statute, the court should apply the rule that one statute founded upon another is deemed, in so far as it follows the terms of the previous statute, to adopt also its meaning. The statute provides for referendum petitions which shall be signed by qualified electors of the city or town "equal to ten per cent of the entire vote cast therein for all candidates for Governor of the state at the last preceding general election at which a Governor was voted for." The argument is not convincing. We have no evidence that the referendum provisions of the charter were drawn from those of the statute to which counsel refer; and even if they were so derived, the failure to copy words

distinctly defining the last preceding general election as a state election serves to indicate that the charter framers preferred that the protest against the adoption of an ordinance should be signed by at least twenty-five per cent of the number of electors voting at the last general municipal election, rather than that the test should be ten per cent of the entire vote cast at a state election.

The demurrer is sustained and the petition for writ of prohibition herein is denied.